IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FRANK JAMES BURNETT,

      Plaintiff,

v.                          CASE NO. 18-3160-SAC

RENO COUNTY COMMISSION,
et al.,

      Defendants.

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Frank James Burnett, an inmate at the Reno County Correctional Facility in Hutchinson, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted his motion to proceed *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why Defendants Reno County Commission, Reno County Sheriff's Department, Reno County District Attorney's Office, Hutchinson Police Department and Natasha Esau should not be dismissed. Plaintiff is also ordered to notify the Court as to whether his state criminal proceedings are ongoing and whether his claims should be stayed under *Younger*.

### I. Nature of the Matter before the Court

Plaintiff alleges that on July 25, 2017, Corey Graber, the head of the Sheriff's Drug Enforcement Unit, and Hutchinson Police Officer Jon Suda, conspired to falsely arrest and incarcerate Plaintiff. Plaintiff alleges that Graber targeted him and arrested him for possession of methamphetamine, possession of a firearm, and possession of drug paraphernalia with intent to ingest. Plaintiff alleges that Graber and Suda used perjured affidavits and testimony in bringing false charges against Plaintiff. Plaintiff alleges that the District Attorney and Randy Henderson

1

from the Sheriff's Office "intentionally and willfully supported and assisted this false arrest" by refusing to provide Brady materials and possessing proof of Plaintiff's innocence "from the beginning of this tragic event" through bodycam footage, audio and obviously-false police reports. Plaintiff alleges that he has been forced to defend himself, causing him to lose his car, his job, and his personal relationship. Plaintiff alleges that he stayed in Hutchinson to fight the charges and this resulted in him receiving another felony charge. Plaintiff alleges that Graber has been seeking retaliatory and harassing revenge on Plaintiff due to a previous suit Plaintiff filed against the department.

Plaintiff states in his Complaint that his claims were previously presented at his preliminary hearing and arraignment, and in multiple other motions and pleadings. Plaintiff seeks compensatory and punitive damages. Plaintiff names as Defendants: Reno County Commission; Reno County Sheriff's Department; Reno County District Attorney's Office; Hutchinson Police Department; Randy Henderson; Corey Graber; Jon Suda; and Natasha Esau.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)

2

(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v.*

*Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III. Discussion**

*1. Improper Defendants*

To impose § 1983 liability on the county and its officials for acts taken by its employee, plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation. *Myers v. Oklahoma Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 695 (1978)). The Supreme Court explained that in *Monell* they decided "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue," and "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86 (1989). Plaintiff has pointed to no policy or deficiency in the training program used by the Sheriff's Department or Reno County and no causal link between any such inadequacy

4

and the allegedly unconstitutional acts of the police officers. Plaintiff's claims against these defendants are subject to dismissal.

The Hutchinson Police Department also is subject to dismissal, as "'police departments . . . are not suable entities under § 1983, because they lack legal identities apart from the municipality.'" *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1186 (D. N.M. 2014) (quoting *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381, 1992 WL 51481, at *2 (10th Cir. March 12, 1992).

Plaintiff also names Natasha Esau, the prosecuting attorney, as a defendant. Prosecutors are absolutely immune from civil liability for damages for "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Stein v. Disciplinary Bd. of Supreme Court of New Mexico*, 520 F.3d 1183, 1193 (10th Cir. 2008) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 209 (1993)). "Absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Id.* at 1189. "One such protected act is the decision to prosecute." *Id.* (citing *Imbler v. Pachtman*, 424 U.S. 409, 431, (1976)). The decision whether to bring charges, along with the review of evidence that such a decision requires, "is a quintessential prosecutorial function protected by absolute immunity." *Id.* at 1194. Plaintiff's claims concerning his criminal case fall squarely within the prosecutorial function. Plaintiff is directed to show cause why his claims against Defendant Esau should not be dismissed based on prosecutorial immunity.

### 2. *Younger Abstention*

The Court may be prohibited from hearing Plaintiff's false arrest claim under *Younger v. Harris*, 401 U.S. 37, 45 (1971). *See* Doc. 10, at 11–13. "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that]

implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

A review of the docket in Plaintiff's state criminal proceeding in Reno County District Court shows that his case is on appeal. *See Kansas v. Burnett*, Case No. 2017-CR-000667 (Reno County District Court). Therefore, it appears that the second condition for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state

proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

"[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004). *See Buck*, 244 F. App'x at 198. "[I]t is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Plaintiff's claim for monetary damages may be stayed pending the resolution of the pending criminal charges. *See Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)); *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (directing district court to stay claim for damages).

If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87.

## IV. Response Required

Plaintiff is required to show good cause why the improper defendants should not be dismissed for the reasons stated herein. Plaintiff is also directed to notify the Court as to whether

his state criminal proceedings are ongoing and whether his claims should be stayed under *Younger*. Failure to respond within the allowed time may result in the dismissal of this action without further notice.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **March 21, 2019,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Defendants Reno County Commission, Reno County Sheriff's Department, Reno County District Attorney's Office, Hutchinson Police Department and Natasha Esau should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **March 21, 2019**, in which to notify the Court as to whether his state criminal proceedings are ongoing and whether his claims should be stayed under *Younger*.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 1st day of March, 2019.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**
