**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

FRANK JAMES BURNETT,

      **Plaintiff,**

      **v.**                                    **CASE NO. 18-3160-SAC**

RENO COUNTY COMMISSION,
et al.,

      **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff Frank James Burnett, an inmate at the Reno County Correctional Facility in Hutchinson, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  The Court granted his motion to proceed *in forma pauperis*.  On March 1, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 9) granting Plaintiff until March 21, 2019, in which to show good cause why the improper defendants should not be dismissed for the reasons stated in the MOSC.  Plaintiff was also directed to notify the Court as to whether his state criminal proceedings are ongoing and whether his claims should be stayed under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  The MOSC provided that "[f]ailure to respond within the allowed time may result in the dismissal of this action without further notice."

The Court's MOSC was mailed to Plaintiff at his current address of record and was returned as undeliverable, with a notation that Plaintiff was no longer at the facility.  (Doc. 10.)  The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk in writing of any change of address or telephone number.  Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice."  D. Kan. Rule 5.1(c)(3).  Plaintiff has failed to provide

1

the Court with a Notice of Change of Address and has failed to respond to the MOSC within the allowed time.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to provide the Court with a Notice of Change of Address and failed to file a response to the Court's MOSC within the allowed time.

**IT IS THEREFORE ORDERED THAT** this matter is dismissed without prejudice under Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 22nd day of March, 2019.**


**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**