# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**FRANK JAMES BURNETT,**

      **Plaintiff,**

     v.                                           **CASE NO. 18-3160-SAC**

**RENO COUNTY COMMISSION,**
**et al.,**

      **Defendants.**

## **MEMORANDUM AND ORDER**

      Plaintiff Frank James Burnett brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted his motion to proceed *in forma pauperis*. On March 1, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 9) granting Plaintiff until March 21, 2019, in which to show good cause why the improper defendants should not be dismissed for the reasons stated in the MOSC. Plaintiff was also directed to notify the Court as to whether his state criminal proceedings are ongoing and whether his claims should be stayed under *Younger v. Harris*, 401 U.S. 37, 45 (1971). The MOSC provided that "[f]ailure to respond within the allowed time may result in the dismissal of this action without further notice."

      The Court's MOSC was mailed to Plaintiff at his current address of record and was returned as undeliverable, with a notation that Plaintiff was no longer at the facility. (Doc. 10.) The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice." D. Kan. Rule 5.1(c)(3). Because Plaintiff failed to provide the Court with a Notice of Change of Address and failed to respond to the MOSC within

the allowed time, the Court dismissed this action without prejudice under Fed. R. Civ. P. 41(b) on March 22, 2019.  (Docs. 11, 12.)

On May 26, 2020, more than a year after this case was dismissed, Plaintiff filed a "Motion to Have Pro Se Civil Rights Action Pursuant to 42 U.S.C. § 1983 Refiled Out of Time in Response to MOSC Ordered on March 1, 2019" (Doc. 14).  Plaintiff states that on May 15, 2020, the Kansas Court of Appeals affirmed the district court's ruling granting his motion to suppress, thereby ending the doctrine of *Younger* abstention.  To the extent Plaintiff's motion is construed as a request to reopen his closed case, his motion is denied.   Plaintiff's case was dismissed "without prejudice" to him refiling a new action, and he has failed to make any argument as to why the Court should reopen this case a year after it was dismissed due to his failure to respond to the Court's MOSC.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motion (Doc. 14) is **denied.**

**IT IS SO ORDERED**.

**Dated June 2, 2020, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**